## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ANTHONY CONWAY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-06-1259-F** |
| | ) | |
| **CHARLES RAY, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the following reasons, it is recommended that the petition be dismissed as untimely filed under 28 U.S.C. § 2244(d)(1)(A).

Petitioner is attempting to challenge his convictions of first degree burglary (Count One), knowingly concealing stolen property (Count Two), and aggravated assault and battery (Count Three), all after former conviction of one or more felonies, for which he was sentenced to twenty-five years of imprisonment on Counts One and Two and thirty years of imprisonment on Count Three, all sentences to be served consecutively. Case No. CF-2003-71, District Court of Pottawatomie County.

Petitioner raises six grounds for habeas relief based on: (1) ineffective assistance of trial and appellate counsel; (2) double jeopardy as to Counts One and Three; (3) state

law sentencing error with respect to Counts One and Three; and (4) multiple punishment with respect to Counts One and Three.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ." Upon the Court's initial review of the petition in the instant action, it appeared that the petition was untimely under 28 U.S.C. § 2244(d), and Petitioner was directed to show cause why the petition should not be summarily dismissed.[1] Petitioner requested and was granted an extension of time to show cause. However, Petitioner failed to file a response to the show cause order by the extended date of January 18, 2007, nor has he requested additional time to respond. For the reasons discussed hereafter, the undersigned recommends that the instant habeas action be dismissed as untimely filed.[2]

---

[1]The issue of timeliness may be raised *sua sponte* by the Court. *See Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."); *see also Hare v. Ray*, No. 00-6143, 2000 WL 1335428 (10th Cir. Sept. 15, 2000) (unpublished) (affirming court's *sua sponte* dismissal of habeas corpus petition as untimely under Rule 4); *Williams v. Boone*, No. 98-6357, 1999 WL 34856 (10th Cir. Jan. 28, 1999) (unpublished) (same).

[2]Because Petitioner has been given the opportunity to show cause why the petition was filed beyond the one-year limitation period of § 2244(d) and because he has a further opportunity to be heard on the matter by filing a timely objection to this Report and Recommendation, the undersigned's *sua sponte* consideration of the timeliness of the petition will not prejudice Petitioner. *See Day v. McDonough*, 126 S.Ct. at 1684 ("[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions."); *See also Smith v. Dorsey*, No. 93-2229, 1994 WL 396069 (10th Cir. July 29, 1994) (unpublished) (finding "no due process problem" where magistrate judge raised issue of procedural bar *sua sponte* and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof).

## Discussion

Pursuant to 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by Section 2244(d)(1)(A), unless the petitioner alleges facts that would implicate the provisions set forth in Section 2244(d)(1)(B), (C), or (D) above. *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).[3] In calculating the limitation period for actions under 28 U.S.C. § 2254, federal courts are required to toll the time spent seeking "post-conviction or other collateral review with respect to the pertinent judgment or claim" in state court. *See* 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998).

---

[3]Petitioner has not provided the Court with any basis to apply the provisions of §§ 2244(d)(1)(B), (C), or (D), and so the undersigned has considered the timeliness of the petition under § 2244(d)(1)(A).

According to the petition, following his convictions, Petitioner filed a direct appeal, and the OCCA affirmed Petitioner's convictions and sentences on August 19, 2004. Petition at 1. Petitioner had ninety days after the OCCA's decision to file a petition for a writ of certiorari to the Supreme Court. Rule 13, Rules of the Supreme Court of the United States. As he did not, Petition at 2, the limitation period began running on or about November 18, 2004. *See Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001) ("Under the statute, a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until . . . 'after the United States Supreme Court has denied review, or if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed'") (quoting *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999)). Therefore, the one year period for filing Petitioner's federal habeas petition expired on or about November 18, 2005. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding that one-year limitation period under § 2244(d)(1) expires on anniversary date of the triggering event). Absent statutory or equitable tolling, the instant petition, filed on November 13, 2006, is untimely pursuant to § 2244(d)(1)(A).

Statutory Tolling

The tolling provision in 28 U.S.C. § 2244(d)(2), provides that the one-year limitation period is tolled during the time that a properly filed application for state post-conviction relief is pending. *See Habteselassie v. Novak,* 209 F.3d 1208, 1210-11 (10th Cir. 2000); *see also Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (time

tolled includes all periods during which a prisoner is attempting through proper use of state court procedures to exhaust state post-conviction remedies).

Petitioner filed an application for post-conviction relief in the state district court on July 19, 2005, 244 days after the one year statutory period began running.  Petition at 4, ¶11, and Exhibit C (District Court of Pottawatomie County Order Denying Application for Post Conviction Relief dated September 19, 2005).[4]  The district court denied post-conviction relief on September 19, 2005.  *Id.*  Petitioner appealed, and on January 30, 2006, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of post-conviction relief.  *See* Petition, Exhibit D (OCCA Order Dismissing Petition For Writ of Certiorari) at paragraph two (citing *Conway v. State*, No. PC-2005-1023).  The one-year limitation period began running again on January 31, 2006, and expired after 121 days, on May 31, 2000.[5]  Thus, the petition filed November 13, 2006, is not saved by

---

[4]The dates relating to Petitioner's post-conviction actions are taken from the petition and have been confirmed by accessing the district court docket.  *See* Oklahoma District Court Records, Pottawatomie County, Case No. CF-2003-71, at http://www.odcr.com.

[5]An OCCA order attached to the petition shows that Petitioner subsequently filed a petition for a writ of certiorari in the Oklahoma Supreme Court which was then transferred to the OCCA.  Petition, Exhibit D.  The OCCA construed the petition as an attempt to challenge the OCCA order affirming the denial of post-conviction relief, and dismissed the matter because "[p]etitions for rehearing are not allowed in post-convictions proceedings."  *Id.* (citing OCCA Rule 5.5).  Thus, Petitioner's petition for a writ of certiorari  was not "properly filed" and did not result in any further statutory tolling of the limitations period.  *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (concluding that a state post-conviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not trigger statutory tolling); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("a 'properly filed' application is one filed according to the filing requirements for a motion for state post-conviction relief" which may include obtaining necessary judicial authorizations that are preconditions to filing a post-conviction motion); *Burger v. Scott*, 317 F.3d 1133, 1139 (10th Cir. 2003) (state procedural law governs whether a state application for post-conviction relief is properly filed).

application of the statutory tolling provision in § 2244(d)(2).[6] Absent a basis for equitable tolling, the petition is time barred.

**Equitable Tolling**

The Tenth Circuit has recognized that "§ 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).[7]   However, equitable tolling is appropriate only "in rare and exceptional circumstances," such as when a prisoner is actually innocent, when uncontrollable circumstances prevent the prisoner from timely filing, or when the prisoner actively pursued judicial remedies but filed a defective pleading during the statutory period. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations and citations omitted). Simple excusable neglect is not sufficient.  *Id.* at 811.  The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling.  *Miller*, 141 F.3d at 977. Moreover, Petitioner must show that he diligently pursued his federal habeas claims. *Miller*, 141 F.3d at 978; *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (noting that equitable tolling "is only available when an inmate diligently pursues his

---

[6]Petitioner suggests that the petition is timely because he "has not allowed one year to elapse between the filing of any petition from one appeal court to the other." Petition at 14, ¶18. However, state post-conviction proceedings "pause[]--but [do] not reset–the limitations clock." *Castillo v. Williams*, No. 01-2051, 2001 WL 811696 (10th Cir. July 17, 2001) (unpublished). As set out above, the filing of Petitioner's application for post-conviction relief paused the clock with 121 days remaining, but the one-year period resumed on January 31, 2006, and the remainder of the limitation period ran on May 31, 2006.

[7]The Supreme Court has not specifically decided the issue of whether equitable tolling applies to time limits for the filing of federal habeas petitions by state prisoners but has assumed *arguendo* that equitable tolling is available. *See Lawrence v. Florida*,__U.S.__, 127 S.Ct. 1079, 1085 (2007). In *Lawrence*, the Court referred to the standards for equitable tolling articulated in *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005): a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from making a timely filing. *Lawrence*, 127 S.Ct. at 1085.

claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").

Petitioner has made no argument for the application of equitable tolling and there are no rare and extraordinary circumstances appearing from the petition.  Even if Petitioner could show circumstances justifying equitable tolling of the petition, he must also demonstrate that he has diligently pursued his federal claims.  *Gibson*, 232 F.3d at 808; *Marsh*, 223 F.3d at 1220.  "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims."  *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).  Although Petitioner states that he used "due diligence" in exhausting his state remedies, Petition at 14, the undersigned disagrees.  Petitioner waited over eight months after the one-year limitation period had begun before filing his first state post-conviction application, and then waited over nine months to seek federal habeas relief after the OCCA affirmed the denial of post-conviction relief.  To the extent Petitioner's mistaken attempt to appeal the OCCA's January 30, 2006, final order affected the filing date of his federal habeas petition, such circumstance is not the type of "uncontrollable circumstance" that would justify equitable tolling of the limitations period.  *See Marsh*, 223 F.3d at 1220 ("[I]norance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.").  Thus, the record contains no compelling explanation for Petitioner's lack of diligence.  In light of the foregoing, the undersigned finds that equitable tolling principles should not be applied and the petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

RECOMMENDATION

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition be summarily dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).  Petitioner is advised that any objection to this Report and Recommendation must be filed with the Clerk of this Court by April 5, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 15th of March, 2007.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE